IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL F. MCCLINTON, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 05-00646-CB-C |
| JACK TILLMAN, Sheriff of Mobile County, Alabama, individually and in his official capacity, and MOBILE COUNTY, Alabama, jointly and severally, | ) ) ) ) | |
| | ) | |
| Defendants. | | |

**OPINION and ORDER**

This matter is before the Court on a motion for summary judgment filed by defendant Jack Tillman. (Doc. 23.) After considering defendant's motion and all supporting briefs, plaintiff's response and the evidence presented in light of the applicable law, the Court finds that the motion is due to be granted.

**Findings of Fact**

Plaintiff Michael F. McClinton was employed as a Corrections Corporal in the Mobile County Sheriff's Department. During the time of McClinton's employment, defendant Jack Tillman was Sheriff of Mobile County. McClinton assigned to the Metro Jail Barracks. McClinton had a history of difficulties at his job. In September 2003, Warden Haley and Lt. Bounds met with McClinton to discuss his erratic behavior. McClinton had submitted a leave request stating that he was "'sick, stressed out, burnt out, and needed a day off to keep from going crazy!!'" (Bounds Aff. ¶ 7.) At the behest of Warden Haley, McClinton took a "comp" day off. In February 2004, McClinton became angry when an inmate worker supervisor

requested that McClinton take some inmates back to the jail.  McClinton refused to do so and returned to the barracks in a rage.  He told fellow corrections workers that he was leaving and would not be back and left work before his shift was over.  As a result of this incident, a predisciplinary hearing was convened and McClinton was found guilty of several infractions, including conduct unbecoming an officer and insubordination.  McClinton was suspended for a period of 20 days.  On October 17, 2004, while on duty, McClinton gave a letter to a fellow corrections officers.  In that letter, McClinton described feelings of despair and thoughts of suicide.  McClinton wrote: "I don't know what I am writing you this for, but I need someone to know, just in case something happens."  (Def.'s Ex., Doc. 26.)  The officer who received the letter passed it on to McClinton's superior.   On October 19, 2004, McClinton was placed on paid administrative leave.

On November 4, 2004, a predisciplinary panel found McClinton guilty of two violations--conduct unbecoming an officer in public service and violation of a lawful order given by a superior.  On November 8, 2004, McClinton received a letter from Sheriff Tillman informing him that his employment was "terminated effective today, November 8, 2004." (*Id.*)  As ground for the termination, Tillman stated: "This is the second time in the past six months that you have been found guilty of multiple offenses."  (*Id.*)   McClinton appealed his termination to the Mobile County Personnel Board, which rendered its decision upholding the termination on February 17, 2005.

McClinton filed a charge of discrimination with the EEOC on July 17, 2005, alleging that he had been discharged in violation of the Americans with Disabilities Act,  42 U.S.C. §§ 12101-

12213 (ADA).  On August 8, 2005, the EEOC dismissed the charge of discrimination as untimely.  On November 8, 2005, McClinton filed the instant action asserting that he was discharged from employment "because of a mental disability that substantially limits on or more major life activities or because he was perceived as having such a disability."  (Compl. ¶ 9.)

**Conclusions of Law**[1]

Defendant Tillman asserts that he is entitled to summary judgment for a myriad of reasons, but it is unnecessary to address them all because it is beyond doubt that the plaintiff failed to satisfy a prerequisite to suit under the ADA.  He did not file a timely EEOC charge as required by statute.  "It is settled law that in order to obtain judicial consideration of a[n] [employment discrimination] claim, a plaintiff must first file an administrative charge with the EEOC within 180 days after the alleged unlawful employment practice occurred."  *Pijnenburg v. West Georgia Health Sys., Inc.* 255 F.3d 1304, 1305 (11th Cir. 2001); 42 U.S.C. § 2000e-5(e)(1).  This requirement applies to causes of action under the ADA, as well as claims filed under Title VII.  42 U.S.C. §12117(a); 42 U.S.C. § 2000e-5(e)(1).

Plaintiff argues that the EEOC charge was timely because it was filed within 180 days of

---

[1] The Court's legal analysis is guided by the familiar summary judgment framework. Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  Once the moving party has satisfied his responsibility, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact.  *Id*.  "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment."  *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986)) (footnote omitted)

the date the Mobile County Personnel Board upheld his termination.  However, an unlawful employment practice occurs, and thus the limitations period for filing an EEOC charge begins to run, on the date the employee becomes aware of the adverse employment action, not the date the adverse action becomes effective. *Delaware State College v. Ricks*, 449 U.S. 250 (1980) (limitations period began to run on date tenure decision was made and communicated). "The proper focus for purposes of establishing the time at which the limitations period begins to run 'is on the time of the *discriminatory act,* not the point at which the *consequences* of the act become painful.'"  *Calhoun v. Federal Nat'l Mortg. Ass'n*, 823 F.2d 451, 455-56 (11th Cir. 1987) (quoting *Chardon v. Fernandez,* 454 U.S. 6, 8, (1981) (emphasis in original)). The discriminatory act is the decision to terminate for a discriminatory reason; "the fact of termination itself is not an illegal act." *Id.*  Here, the alleged discriminatory act took place on November 8, 2004, when plaintiff was terminated, and he received notice of termination the same day.  Thus, the 180-day period began to run on that date and expired on May 7, 2005.  McClinton did not file his charge of discrimination until July 17, 2005.  That charge was clearly untimely.

**Conclusion**

Because plaintiff failed to file a timely charge of discrimination with the EEOC, he is not entitled to maintain this action against under the ADA.  It is, therefore, **ORDERED** that the motion for summary judgment filed by defendant Sheriff Jack Tillman be and hereby is **GRANTED**.  It is **FURTHER ORDERED** that plaintiff show cause on or before **December 22,**

**2006**, why summary judgment should not also be granted in favor of defendant Mobile County.[2]

**DONE** this the 4th day of December, 2006.

*s/Charles R. Butler, Jr.*
**Senior United States District Judge**

---

[2]*See Lindsey v. Bureau of Prisons*, 736 F.2d 1462, 1463 (11th Cir.) *vacated on other grounds*, 469 U.S. 1082 (1984) (court may *sua sponte* grant summary judgment in favor of non-moving party so long as adverse party is give notice and opportunity to respond).